IN THE UNITED STATES DISTRICT COURT
FOR SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

| | |
|---|---|
| GEORGES ROUMAIN, | ) |
|    PLAINTIFF, | ) |
| vs. | ) CASE NO.: _____ |
| FEDERAL EXPRESS CORP., | ) |
|    DEFENDANT. | ) |

**NOTICE OF REMOVAL OF CIVIL ACTION
UNDER 28 U.S.C. §§ 1331 [SUBJECT MATTER]
and 1332 [DIVERSITY], and 28 U.S.C. §1441**

The Defendant, Federal Express Corporation (FedEx), files this Notice of Removal (Notice), hereby removing the state action, Case No. CACE 19014382, from the Broward County Circuit Court, Seventeenth Judicial Circuit (Civil Division), herein referred to as "State Court Action," to the United States District Court for the Southern District of Florida (Ft. Lauderdale Division) on the basis of subject matter and diversity jurisdiction, pursuant to 28 U.S.C. sections 1331, 1332, and 1441.

1. On or about June 28, 2019, the State Court Action was commenced against FedEx entitled *Geroges Roumain v. Federal Express Corporation*. FedEx was served on July 22, 2019. Attached hereto as Exhibit A is the State Court Action. Counsel for FedEx secured an extension of time up to and including August 28, 2019 to respond to the State Court Action.

**SUBJECT MATTER JURISDICTION (28 U.S.C. § 1331)**

2. In the State Court Action, Plaintiff alleges claim(s) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1866 (42 U.S.C. §1981), herein referred to as "Federal Claims," and the Florida Civil Rights Act of 1992, § 760.10, *et seq.*,

1

Fla. Stat., herein referred to as "State Claims." Exhibit A, Complaint ¶¶ 1, 3, 10-13, 41, 45, 47-49, 52, 54-57.  Plaintiff asserts claims of race and national origin discrimination, and retaliation.  *Id*. ¶¶ 17-20, 39. This Court has original subject-matter jurisdiction over Plaintiff's Federal Claims, and this Court has supplemental jurisdiction over the State Claim pursuant to 28 U.S.C. § 1367. Therefore, FedEx may remove this action pursuant to 28 U.S.C. §§ 1331 and 1441, because Plaintiff presents a federal question to be resolved.

### DIVERSITY OF CITIZENSHIP (28 U.S.C. § 1332)

3. In the State Court Action, Plaintiff is "a resident of Broward County, Florida[.]" Complaint, ¶ 4.

4. Plaintiff asserts he is a resident of Broward County, Florida (Complaint ¶ 4), and FedEx "is a foreign business organized under the laws of Delaware" (Complaint ¶ 5).  Complete diversity of citizenship exists between a Florida resident and Delaware corporation.  There are no individual defendants.

5. The Complaint contemplates and asserts an amount more than $75,000, exclusive of interest and costs.  Plaintiff repeatedly asserts in the WHEREFORE sections of the Complaint damages claims for (1) compensation for lost wages, benefits and other remuneration; (2) front pay; (2) punitive damages; and (3) attorney's fees.

6. Plaintiff was terminated on or about December 29, 2016 (Complaint ¶ 39). Plaintiff's hourly rate of pay was $18.37/hr at the time of his termination.  Exhibit B, Douglas Decl. ¶ 5, Exhibit 1 (workday summary). Assuming he worked 40 hours a week, his weekly income is $734.80.  There are 133 weeks between December 29, 2017 (employment termination date) and July 22, 2019 (date complaint served), giving him a backpay amount of $97,728.40, exceeding the $75,000 removal requirement for diversity cases.

8.      Based on the above, this Court has jurisdiction over Plaintiff's claims based upon diversity of citizenship (28 U.S.C. § 1332).  Therefore, this suit may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

9.      All process, pleadings and orders that have been served on the FedEx are attached as Exhibit A.

## TIMELINESS OF REMOVAL

10.     This Notice is timely brought.  Service on FedEx occurred on or about July 22, 2019.  Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice is being filed within 30 days after the service of summons upon the defendant.

11.     Removal venue is appropriate because the Ft. Lauderdale division of the federal court embraces the place where the State Court Action is pending.

## NOTICE TO STATE COURT AND PLAINTIFF

12.     Contemporaneous with the filing of this Notice, FedEx has given the State Court written notice of the removal.

DATED:  August 19, 2019                     Respectfully submitted,

                                            By: /s/ Allison Wiggins
                                                Allison Wiggins, Esq.
                                                Fla. Bar No. 105733
                                                Email: awiggins@littler.com
                                                Jeffrey B. Jones, Esq.
                                                Fla. Bar No. 39950
                                                Email: jbjones@littler.com
                                                Littler Mendelson, P.C.
                                                111 North Orange Avenue
                                                Suite 1750
                                                Orlando, FL  32801
                                                Telephone: (407) 393-2900
                                                Fascimile: (407) 393-2929

and

Frederick L. Douglas (motion for admission *pro hac vice* to be filed)
Brian Coleman (motion for admission *pro hac vice* to be filed)
Federal Express Corporation
3620 Hacks Cross Rd.
Bldg. B, 3rd Fl.
Memphis, TN  38125

Attorneys for Defendant Federal Express

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing via this Court's ECF filing system on this 19th day of August, 2019 to the following address:

Patrick K. Elliott, Esquire
The Law Office of Patrick K. Elliott, PLLC
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
O: (813) 379-3090
F: (813) 261-3542
Email: elliottp@employmentandconsumerlaw.com
assistant@employmentandconsumerlaw.com

/s/ Allison Wiggins
Allison Wiggins, Esq.