# EXHIBIT A

## Georges Roumain Plaintiff vs. Federal Express Corporation Defendant

**Broward County Case Number:** CACE19014382

**State Reporting Number:** 062019CA014382AXXXCE

**Court Type:** Civil

**Case Type:** Other - Discrimination Employment or Other

**Incident Date:** N/A

**Filing Date:** 06/28/2019

**Court Location:** Central Courthouse

**Case Status:** Pending

**Magistrate Id / Name:** N/A

**Judge ID / Name:** 13 Robinson, Michael A.

---

**— Party(ies)**                                                                                    Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Roumain, Georges** | | |
| Defendant | **Federal Express Corporation** | | |

---

**— Disposition(s)**                                                                                 Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

---

**— Event(s) & Document(s)**                                                                         Total: 9

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 07/16/2019 | **Filing Fee** | Payor: CHAD JUSTICE ; Userid: CTS-fg/t ; Receipt: 20191FA1A095983; ; Amount: $401.00 | | |
| 07/16/2019 | **Summons Issued Fee** | Payor: CHAD JUSTICE ; Userid: CTS-fg/t ; Receipt: 20191FA1A095983; ; Amount: $10.00 | | |
| 07/09/2019 | **Notice of Filing Designation of Emailing Addresses** | CORPORATE REPRESENTATIVE Party: *Plaintiff* Roumain, Georges | | 4 |
| 07/09/2019 | **eSummons issuance** | Federal Express Corporation | | 3 |
| 07/09/2019 | **Notice of Taking Deposition** | CORPORATE REPRESENTATIVE Party: *Plaintiff* Roumain, Georges | | 4 |
| 06/28/2019 | **Civil Cover Sheet** | | | 2 |
| 06/28/2019 | **Complaint (eFiled)** | COMPLAINT AND DEMAND FOR JURY TRIAL Party: *Plaintiff* Roumain, Georges | | 14 |
| 06/28/2019 | **Notice of Service of Interrogs** | FEDERAL EXPRESS CORPORATION Party: *Plaintiff* Roumain, Georges | | 2 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 06/28/2019 | **Request for Production of Documents** | FEDERAL EXPRESS CORPORATION Party: *Plaintiff* Roumain, Georges | 📄 | 9 |

### — Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

### — Related Case(s)

Total: 0

**There is no related case information available for this case.**

 CT Corporation

**Service of Process Transmittal**
07/22/2019
CT Log Number 535910124



**TO:**   LITIGATION DEPARTMENT
Federal Express Corporation
3620 HACKS CROSS RD, 3RD FLOOR, BUILDING B
MEMPHIS, TN 38125

**RE:**   **Process Served in Florida**

**FOR:**   Federal Express Corporation   (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | George Rouman, Pltf. vs. Federal Express Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Interrogatories, Request(s), Attachment(s) |
| **COURT/AGENCY:** | Broward County Circuit Court, FL |
| | Case # CACE19014382 |
| **NATURE OF ACTION:** | Prayer for Relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/22/2019 at 15:55 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 calendar days after this summons is served on you |
| **ATTORNEY(S) / SENDER(S):** | Patrick K. Elliott |
| | Law Offices of Patrick K. Elliott, PLLC |
| | 100 S. Ashley Drive, Suite 600 |
| | Tampa, FL 33602 |
| | 813-379-3090 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/23/2019, Expected Purge Date: 07/28/2019 |
| | Image SOP |
| | Email Notification,   LITIGATION DEPARTMENT   lydia.langbein@fedex.com |
| | Email Notification,   STACEY STEPHENS   stacey.stephens@fedex.com |
| | Email Notification,   Denise Armstrong   denise.armstrong@fedex.com |
| | Email Notification,   CYNTHIA SCHWIND   cynthia.schwind@fedex.com |
| | Email Notification,   KATHY MILLER   khmiller@fedex.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road |
| | Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

' Case Number: CACE-19-014382 Division: 13

Filing # 91848318 E-Filed 07/09/2019 01:05:21 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT**
**IN AND FOR BROWARD COUNTY, FLORIDA**
**CIVIL DIVISION**

**GEORGES ROUMAIN,**

      **Plaintiff,**

                           **CASE NO.:**

**v.**

**FEDERAL EXPRESS CORPORATION,**

      **Defendant.**

_____/

Date: 7/22/19
Time: 322pm
Server: C
ID #: 762

## SUMMONS

TO:   Federal Express Corporation
       C T Corporation System
       1200 South Pine Island Road
       Plantation, FL 33324

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office which is listed in the phone book.

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or hand deliver a copy of your written response to the Plaintiff/Plaintiffs Attorney named below.

         **PATRICK K. ELLIOTT**
         Florida. Bar Number: 1000970
         **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
         100 S. Ashley Drive, Suite 600
         Tampa, FL 33602
         Telephone: (813) 379-3090

If the party serving summons has designated e-mail address( es) for service or is represented by an attorney, you may designate e-mail address(es) for service by or on you. Service must be in

accordance with Florida Rule of Judicial Administration 2.516.

Copies of all court documents in this case, including orders, are available at the Clerk of the Circuit Court's office. You may review these documents upon request.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunaL Una Hamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.
Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Sino conoce a un abogado, puede Hamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiffs Attorney" (Demandante o Abogado del Demandante).

**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Telephone: (813) 379-3090

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecu-tifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite ala plainte ci-jointe aupres de ce tribunaL Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d' assistancejuridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egale-ment, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse "Plaintiff/Plaintiffs Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970

THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Telephone: (813) 379-3090

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint,

Request for Production, First Set of Interrogatories, Notice of Taking Corporate Representative

Deposition, and Designation of E-mail Address in this action on the above-named Defendant.

DATED ON _____ JUL 16 2019

As Clerk of Court

By: _____
BRENDA D. FORMAN
As Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Diana Sobel, Room 20140, 201 S.E. Sixth Street, Fort Lauderdale, Florida 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

- 3 -

Case Number: CACE-19-014382 Division: 13
Filing # 91848318 E-Filed 07/09/2019 01:05:21 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

GEORGES ROUMAIN,

      Plaintiff,

v.                                CASE NO.:

FEDERAL EXPRESS CORPORATION,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF TAKING
## CORPORATE REPRESENTATIVE DEPOSITION

**PLEASE TAKE NOTICE** that Counsel for Plaintiff, GEORGES ROUMAIN

("Plaintiff"), will take the deposition of the Corporate Representative(s) of Defendant,

FEDERAL EXPRESS CORPORATION ("Defendant"), on the date, time, and location stated

below, such deposition to continue from day to day until completed:

| NAME | DATE/TIME | LOCATION |
|---|---|---|
| CORPORATE REPRESENTATIVE TO BE DESIGNATED BY DEFENDANT | [Date] At [time] a.m. | [Address] |

Before a court reporter, notary public, or before a duly assigned representative, who is

not of counsel to the parties or interested in the events of this cause.

Defendant is required to designate one or more corporate representatives or individuals to

testify about information known or reasonably available to Defendant on the following subjects:

    1.      The job duties and job description of Plaintiff during any period that Plaintiff was

employed by Defendant.

    2.      The process used by Defendant to collect documents for production to Plaintiff in

response to Plaintiff's Requests for Production of documents, including but not limited to

searches and production from Defendant's electronic mail system.

    3.      Plaintiff's job performance.

    4.      Plaintiff's dates of employment, job titles, and job duties.

    5.      Any compliment, award, or commendation given to Plaintiff during her employment with Defendant.

    6.      Any written or oral reprimand, warning, or caution given to, or concerning Plaintiff, during Plaintiff's employment with Defendant.

    7.      The factual basis for all defenses raised by Defendant in this matter.

    8.      Any contention by Defendant that Plaintiff's job performance was unsatisfactory.

    9.      Defendant's policies and procedures regarding employee discipline.

    10.      Defendant's policies and procedures regarding retaliation.

    11.      Defendant's policies and procedures regarding discrimination.

    12.      Defendant's policies and procedures regarding any identification of employees on the basis of race.

    13.      The racial composition of Defendant's workforce at the location where Plaintiff worked for years 2011 through 2016.

    14.      Defendant's compliance with state and federal laws pertaining to the compilation, recording, and preservation of forms prompting an employee's self-identification on the basis of race, including, but not limited to, EEO-1 Survey Forms and similar forms regardless of their origin.

    15.      All applicable insurance coverage.

    16.      Confirmation and details relating to any response provided by Defendant to Plaintiff's First Set of Interrogatories.

    17.      Any documents produced in response to Plaintiff's First Request for Production of Documents.

    18.      Defendant's records regarding Plaintiff's work performance, including e-mails or telephone messages.

    19.      Defendant's rationale for terminating Plaintiff's employment.

20.     The identity of all persons who participated in the decision to terminate Plaintiff's employment, including the input given by each person.

21.     The identity of all persons who fell within the same protected category as Plaintiff under Section 1981 on account of their race, worked at the same facility where Plaintiff was employed between 2011 and the present, and whose employment was terminated by Defendant, including the reasons given for each termination.

22.     Any internal complaints of discrimination made by Plaintiff, or other employees of Defendant who worked at the same location as Plaintiff, during Plaintiff's employment with Defendant, as well as Defendant's response to each internal complaint.

23.     All statements made to Plaintiff by Defendant, when Plaintiff was informed that her employment had been terminated.

24.     Any communications, including e-mails, exchanged between Plaintiff and Defendant in relation to Plaintiff's complaints of discrimination in the workplace.

25.     The identity of all persons who, from 2011 to the present, worked at the same facility where Plaintiff was employed and filed internal or external complaints of discrimination against Defendant.

26.     The training and qualifications of Plaintiff's supervisors, with respect to workplace discrimination and retaliation.

27.     All lawsuits, charges, or complaints brought against Defendant within the past ten years for alleged violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, or the Florida Civil Rights Act of 1992.

Upon oral examination pursuant to the Florida Rules of Civil Procedure, before a court reporter or any other notary public or officer authorized by law to take depositions. Said deposition(s) will be taken for the purposes permitted by the rules governing the conduct of the case.

Dated this 28th day of June 2019.

Respectfully submitted,

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600

Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 433-5126
Email: elliottp@employmentandconsumerlaw.com
Email: assistant@employmentandconsumerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**

- 4 -

Filing # 91848318 E-Filed 06/28/2019 12:29:49 PM

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Georges Roumain</u>
Plaintiff
  vs.
<u>FEDERAL EXPRESS CORPORATION</u>
Defendant

**II.      TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**III.**   **REMEDIES SOUGHT** (check all that apply):
    ☒   Monetary;
    ☒   Non-monetary declaratory or injunctive relief;
    ☒   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION: (     )**
(Specify)

    <u>6</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐   Yes
    ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒   No
    ☐   Yes – If "yes" list all related cases by name, case number and court:

    <u>Plaintiff filed an administrative charge of discrimination, Charge No. 511-2018-00997, with</u>
    <u>the EEOC and was issued a Right to Sue letter on May 24, 2019.</u>

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒   Yes
    ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Patrick K. Elliott</u>    FL Bar No.: <u>1000970</u>
    Attorney or party                                  (Bar number, if attorney)

<u>Patrick K. Elliott</u>    <u>06/28/2019</u>
    (Type or print name)                            Date

Filing # 91848318 E-Filed 06/28/2019 12:29:49 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

GEORGES ROUMAIN,

     Plaintiff,

                                               CASE NO.:

v.

FEDERAL EXPRESS CORPORATION,

     Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

     Plaintiff, GEORGES ROUMAIN ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, FEDERAL EXPRESS CORPORATION ("Defendant"), and in support of his claims states as follows:

**JURISDICTION AND VENUE**

     1.     This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

     2.     Venue is proper in Broward County, Florida because all of the events giving rise to these claims occurred in this County.

     3.     At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Section 48.193 of the Florida Statutes. Specifically, Defendant was subject to personal jurisdiction in Florida because it caused

Plaintiff injury in the State of Florida through its acts and omissions that occurred in the State of Florida.

## PARTIES

4.      Plaintiff is a resident of Broward County, Florida and former employee of Defendant.

5.      Defendant is a foreign business organized under the laws of Delaware and operates a shipping business throughout the United States, including in Broward County, Florida.

## GENERAL ALLEGATIONS

6.      Plaintiff has satisfied all conditions precedent, or they have been waived.

7.      Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8.      Plaintiff requests a jury trial for all issues so triable.

9.      At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

10.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

11.     At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

12.     Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

13.     Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

-2-

14.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

15.     Plaintiff began working for Defendant as a Courier on or about August 2013, and he worked in this capacity until December 2016.

16.     During his tenure with Defendant, Plaintiff satisfactorily performed the duties of his position in a competent manner.

17.     Nevertheless, Defendant discriminated against Plaintiff because of his race and nationality as Defendant subjected Plaintiff to different terms and conditions of employment and retaliated against Plaintiff after he complained about Defendant's discriminatory business practices by subjecting Plaintiff to pretextual disciplinary action and by terminating Plaintiff's employment on or about December 2016.

18.     Plaintiff is an African American male of Haitian ancestry.

19.     Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII.

20.     During his employment, Defendant targeted Plaintiff because of his race and denied Plaintiff the same terms and conditions of employment that were afforded to Defendant's non-African American employees.

21.     Throughout his employment with Defendant, Plaintiff made several internal complaints about Defendant's discriminatory pay practices. However, Defendant failed to take appropriate remedial action.

22.     For instance, on or about April 2015, Plaintiff realized that Defendant paid many of his non-African American colleagues more than two ($2) dollars per hour than what

- 3 -

Defendant paid Plaintiff, even though these employees were hired a the same or later date than when Plaintiff started and performed the same job duties as Plaintiff.

23.     Plaintiff then contacted Defendant's Human Resources Advisor, Bruce A. Moore, and in a written complaint, Plaintiff complained about Defendant's racially-motivated pay discrepancies and requested "fair and equal pay as a carrier".

24.     On or about June 2015, Bobby Newell, managing director of Defendant's South Florida U.S. operations, responded to Plaintiff's complaints about unequal treatment.

25.     In his memorandum to Plaintiff, Mr. Newell summed up Plaintiff's complaint as follows:

> I understand your concern to be that you have been performing the duties of a courier but were being paid as a courier/handled.
>
> I have reviewed the information provided by your management team and HR advisor Bruce More.
>
> The information shows that you are performing the job duties of the courier position. Therefore, I instructed your local management team to move you into the Courier job coed and pay grade, effective 05/17/2015. Your job title and rate of pay will be retroactive to the date of 05/17/2015.
>
> Your remaining concerns are still under review, and you will receive further communication at a later date. Should you have any questions in the meantime, please reach out to your management team and Human Resources Advisor.

26.     During 2016, Plaintiff's prior manager, Kailash Maraj, who Plaintiff also complained about Defendant's discriminatory pay practices to, was replaced by a new Caucasian manager, Corey Schwartz.

27.     On or about December 14, 2016, Plaintiff became aware that he was still not being compensated at the same rate that Defendant paid other, similarly-situated non-African American employees who performed the same job functions as Plaintiff.

28.     Plaintiff took his concerns about Defendant's discriminatory pay practices to his manager Mr. Schwartz.

29.     Instead of taking remedial actions, Defendant falsely accused Plaintiff of being "aggressive" and demanded that Plaintiff leave the premises. Plaintiff left Defendant's premises as requested.

30.     Plaintiff was not informed that he was being suspended and Defendant did not give Plaintiff a suspension letter even though Defendant's common practices and procedures provide that an employee who is suspended receive such a letter. Defendant did not give Plaintiff a suspension letter.

31.     Immediately following Plaintiff's complaints about Defendant's racially-discriminatory pay practices, Plaintiff was subjected to a heightened scrutiny and frivolous disciplinary action.

32.     For example, despite Plaintiff's exemplary three (3) year employment history, Defendant then subjected Plaintiff to an intense investigation based on subjective criteria because of Plaintiff's complaints of discrimination.

33.     The following day, Defendant took immediate disciplinary action against Plaintiff and issued a formal reprimand on or about December 15, 2016.

34.     Defendant then went beyond the bounds of the facts surrounding Plaintiff's disciplinary action and decided to thoroughly investigate Plaintiff's prior work performance even though Defendant had never taken prior disciplinary action against Plaintiff.

35.     Defendant now demanded documentation relating to a May 2016 traffic citation that Plaintiff had properly reported to his previous manager.

36.     Plaintiff provided the requested documentation to Defendant on December 17, 2016.

37.     In response, Defendant issued its second formal reprimand against Plaintiff on December 29, 2016 for an event that happened nearly seven (7) months ago and one in which Plaintiff properly reported to Defendant.

38.     Furthermore, on December 29, 2016, Defendant issued an apparently retroactive third formal reprimand, dated December 26, 2016 for not calling out on a day that Plaintiff was not scheduled to work.

39.     Finally, on December 29, 2019, fourteen days after Plaintiff complained about Defendant's discriminatory pay practices, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

<u>**COUNT I – TITLE VII VIOLATION**</u>
**(DISCRIMINATION)**

40.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

41.     Plaintiff is a member of a protected class under Title VII.

42.     As a result of Defendant's aforementioned conduct, Plaintiff was subjected to disparate treatment on the basis of his race.

43.     Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

44.     Defendant's actions were willful and done with malice.

45.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

***WHEREFORE***, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and that this Court take jurisdiction over the case;

(c)    An injunction restraining continued violation of Title VII by Defendant;

(d)    Compensation for lost wages, benefits, and other remuneration;

(e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f)    Any other compensatory damages, including emotional distress, allowable at law;

(g)    Punitive damages;

(h)    Prejudgment interest on all monetary recovery obtained.

(i)    All costs and attorney's fees incurred in prosecuting these claims; and

(j)    For such further relief as this Court deems just and equitable.

### COUNT II – TITLE VII RETALIATION

46.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

47.    Plaintiff is a member of a protected class under Title VII.

48.    Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

49.    Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by subjecting Plaintiff to different terms and conditions of employment and by terminating Plaintiff's employment.

50.    Defendant's actions were willful and done with malice.

51.    Defendant took material adverse action against Plaintiff.

-7-

52.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

(d)     That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e)     Compensation for lost wages, benefits, and other remuneration;

(f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g)     Front pay;

(h)     Any other compensatory damages, including emotional distress, allowable at law;

(i)     Punitive damages;

(j)     Prejudgment interest on all monetary recovery obtained.

(k)     All costs and attorney's fees incurred in prosecuting these claims; and

(l)     For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (DISCRIMINATION)

53.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

54.    Plaintiff is a member of a protected class under the FCRA.

55.    Defendant's aforementioned conduct subjected Plaintiff to disparate treatment on account of his race.

56.    Defendant's actions were willful and done with malice.

57.    Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

**WHEREFORE**, Plaintiff demands:

(a)    A jury trial on all issues so triable;

(b)    That process issue and this Court take jurisdiction over the case;

(c)    Compensation for lost wages, benefits, and other remuneration;

(d)    Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(e)    Any other compensatory damages, including emotional distress, allowable at law;

(f)    Punitive damages;

(g)    Prejudgment interest on all monetary recovery obtained.

(h)    All costs and attorney's fees incurred in prosecuting these claims; and

(i)    For such further relief as this Court deems just and equitable.

## <u>COUNT IV – FCRA RETALIATION</u>

58.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

59.    Plaintiff is a member of a protected class under the FCRA.

60.     Plaintiff engaged in protected activity under the FCRA by frequently opposing Defendant's aforementioned discriminatory actions against Plaintiff.

61.     Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

62.     Defendant's actions were willful and done with malice.

63.     Defendant took material adverse action against Plaintiff as Defendant subjected Plaintiff to different terms and conditions of employment and terminated Plaintiff's employment.

64.     Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    (a)     A jury trial on all issues so triable;

    (b)     That process issue and that this Court take jurisdiction over the case;

    (c)     That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    (d)     Compensation for Plaintiff's lost wages, benefits, and other remuneration;

    (e)     Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;

    (f)     Front pay;

    (g)     Any other compensatory damages, including emotional distress, allowable at law;

    (h)     Punitive damages;

    (i)     Prejudgment interest on all monetary recovery obtained.

(j)   All costs and attorney's fees incurred in prosecuting these claims; and

(k)   For such further relief as this Court deems just and equitable.

## COUNT V – 42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

65.   Plaintiff realleges and readopts the allegations of Paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

66.   Plaintiff is a member of a protected class of persons under Section 1981.

67.   As a result of its aforementioned conduct, Defendant subjected Plaintiff to disparate treatment solely because of Plaintiff's race.

68.   The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

69.   Defendant's actions were willful and done with malice.

70.   As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

71.   Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)   A jury trial on all issues so triable;

(b)   That process issue and that this Court take jurisdiction over the case;

(c)   Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

- 11 -

(d)     Compensatory damages, including emotional distress, allowable at law;

(e)     Punitive damages;

(f)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## COUNT VI — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

72.     Plaintiff realleges and readopts the allegations of Paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

73.     Plaintiff is a member of a protected class of persons under Section 1981.

74.     Plaintiff engaged in protected activity under Section 1981 by opposing Defendant's discriminatory conduct.

75.     Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 when it subjected Plaintiff to different terms and conditions of employment and terminated his employment.

76.     Defendant's actions were willful and done with malice.

77.     Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

78.     As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and

suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

79.     Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     That process issue and that this Court take jurisdiction over the case;

(c)     Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d)     Compensatory damages, including emotional distress, allowable at law;

(e)     Punitive damages;

(f)     Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g)     Prejudgment interest on all monetary recovery obtained;

(h)     All costs and attorney's fees incurred in prosecuting these claims; and

(i)     For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 28th day of June, 2019.

Respectfully submitted,

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**

- 13 -

100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
Email: elliottp@employmentandconsumerlaw.com
Email: assistant@employmentandconsumerlaw.com
*Attorney for Plaintiff*

Filing # 91848318 E-Filed 06/28/2019 12:29:49 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION**

**GEORGES ROUMAIN,**

     **Plaintiff,**

                            **CASE NO.:**

**v.**

**FEDERAL EXPRESS CORPORATION,**

     **Defendant.**

_____/

**PLAINTIFF'S NOTICE OF SERVICE OF
FIRST SET OF INTERROGATORIES TO DEFENDANT**

Plaintiff, GEORGES ROUMAIN ("Plaintiff"), propounds the following Interrogatories to

Defendant, FEDERAL EXPRESS CORPORATION ("Defendant"), to be answered in writing,

under oath and in accordance with the Florida Rules of Civil Procedure.

Dated this 28th day of June, 2019.

                                Respectfully submitted,

                                /s/ Patrick K. Elliott
                                **PATRICK K. ELLIOTT**
                                Florida. Bar Number: 1000970
                                **THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
                                100 S. Ashley Drive, Suite 600
                                Tampa, FL 33602
                                Direct Dial: (813) 379-3090
                                Facsimile:  (813) 261-3542
                                E-mail: elliottp@employmentandconsumerlaw.com
                                Email: assistant@employmentandconsumerlaw.com
                                *Attorney for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the

Defendant on the date the complaint was served.

<u>/s/ Patrick K. Elliott</u>
**PATRICK K. ELLIOTT**

Filing # 91848318 E-Filed 06/28/2019 12:29:49 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION**

**GEORGES ROUMAIN,**

      **Plaintiff,**

                                              **CASE NO.:**

**v.**

**FEDERAL EXPRESS CORPORATION,**

      **Defendant.**

_____/

**PLAINTIFF'S FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT**

Plaintiff, GEORGES ROUMAIN (hereinafter "Plaintiff"), by and through undersigned

counsel and in accordance with the Florida Rules of Civil Procedure, hereby requests that

Defendant, FEDERAL EXPRESS CORPORATION (hereinafter "Defendant"), diligently and

carefully search for, inquire after, and produce for inspection and copying the documents

identified below, regardless of their origin:

**I. INSTRUCTIONS**

1.      Defendant shall produce these documents within **forty-five (45) days** after service
of this request.

2.      In accordance with the Florida Rules of Civil Procedure, Defendant is hereby
instructed to produce documents as they are kept in the ordinary course of business, or to
organize and label documents so that they correspond with the categories in this request. In
addition, all documents are to be produced in full and unexpurgated form. Redacted documents
will not be deemed to comply with this request.

3.      If any document described in this request was, but no longer is, in Defendant's
possession, custody, or control, please state whether the document:

        (a)     is missing or lost;
        (b)     has been destroyed;
        (c)     has been transferred, voluntarily or involuntarily, to others; or
        (d)     has otherwise been disposed of.

In each instance, please explain the circumstances surrounding the document's disposition, identify the person or persons authorizing the disposition, and list the date on which the document was so disposed. Please identify each document by listing the following information: Name and address of the author of the document; the nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.); date on which the document was created; subject matter of the document; present location(s) of the document; custodian (s); and whether the document (or a copy) is still in existence.

4.      If any requested document is believed to be privileged, or for some other reason may not be subject to production, please provide the following information:

(a)      The nature or type of document (e.g., letter, memorandum, chart, photograph, report, etc.);
(b)      Its date of creation;
(c)      The name and address of its author; or,
(d)      The identity of each recipient and addressee of the original document;
(e)      The identity of all other persons who received copies of the document;
(f)      The subject matter of the document; and
(g)      The reason(s) for non-production, including all legal grounds.

5.      This request for production is a continuing one. Supplementation of responses to this request shall be made in accordance with the Florida Rules of Civil Procedure.

## II. DEFINITIONS

Whenever used in this request, the following definitions shall apply:

1.      "*Plaintiff*" means GEORGES ROUMAIN and all of his agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of her, regardless of whether they are authorized to do so.

2.      "*Defendant*" or "*You*" and "*your*" shall mean or refer to FEDERAL EXPRESS CORPORATION, and all of its agents, representatives, attorneys, consultants, experts, and all other persons acting or purporting to act for or on behalf of it.

3.      If this request is directed to a natural person, then "Defendant" shall refer to the natural person named in the request.

4.      The term "*document*" is used in the broadest sense that the Florida Rules of Civil Procedure permit. Specifically, "*document*" includes, but is not limited to, all writings of any nature or type whatsoever, whether they contain written or graphic material, which are within the possession, custody, or control of the Defendant, or of any agent, employee, or representative (including, without limitation, attorneys, advisors, physicians, consultants, and accountants) or other person acting or purporting to act for or on behalf of Defendant, or in concert with them, including, but not limited to: Letters, tape recordings, notes, affidavits, contracts, agreements,

- 2 -

communications, correspondence, telegrams, telexes, cables, memoranda, records, reports, books, notebooks, summaries or records of telephone conversations, shipping documents, personal conversations or interviews, diaries, calendars, forecasts, statistical statements, work papers, drafts, copies, graphs, charts, slides, demonstrative or visual aids, accounts, analytical records, minutes or records, appraisals, records, checks, check stubs, employment materials, expense accounts, receipts, reports or summaries of negotiations, brochures, lists, journals, and advertisements.

The term "*document*" also includes electronically recorded information, such as electronic mail ("email"), html files, databases, data processing tapes and cards, computerized data, computer diskettes, or information otherwise contained on a computer's hard drive, disks or backup tapes, video tapes, audio tapes, view-graphs, any information maintained on digital, electronic, magnetic or other media, and any other summary, schedule, memorandum, note, statement, letter, telegram, interoffice communication, report, diary, worksheet, list, graph, chart, index, tape recording, partial or complete report of telephone or oral conversation, transcript or minutes, compilation, tabulation, study, analysis, or other such writing or recording. Electronically recorded information shall also be produced in native format and any metadata shall be included.

"*Documents*" shall also include copies of documents (including but not limited to carbon, handwritten, typewritten, microfilmed, photostatic or Xerox copies), including non-identical copies, regardless of whether they differ from the original because of any alteration, notes, comments, or other material contained therein or attached thereto, or for another reason.

For the purpose of the foregoing, "*draft*" means any earlier, preliminary, preparatory, or tentative version of all or part of a document, regardless of whether such draft was superseded by a later draft, or the terms of the draft differ from those of the final document. The term "*copies*" means all copies of a document, including those copies that are not identical in every respect to the documents being produced.

The terms "*document*" and "*documents*" also include any originals, all file copies, all other copies, no matter how prepared, and all drafts prepared in connection with such documents, whether or not used, as well as the folder in which the documents are maintained. A draft or non-identical copy of a document, including a copy or duplicate of a document which has any nonconforming notes, marginal annotations or other markings, and any preliminary version, draft or revision of the foregoing, is a separate document within the meaning of these terms.

5.       "*Metadata*" means the data found within documents.  It includes all electronically stored information that describes or defines the document that is not generally visible in the ordinary electronic display or printing of the document.  Common examples include comments, markups, revisions, the author's name, the owner's name, the names of those who have edited the document, creation dates, edit dates, and other information including, but not limited to, records of past versions and drafts.

6.       "*Native format*," as it relates to the production of electronic data, means the file format in which the document is ordinarily read and written by its related software application.

For example, a Microsoft Word 2003 document has a native format of .doc while an Adobe Acrobat document has a native format of .pdf.

7. *"Relating to"* means regarding, supporting, tending to support, refuting, tending to refute, or concerning (including, mentioning, stating, discussing, summarizing, describing, reflecting, containing, referring to, depicting, connected with, embodying, evidencing, constituting, comprising, reporting, pertaining to, or having any connection with or bearing upon), directly or indirectly, the matter in question.

8. *"And/or"* shall be construed conjunctively and disjunctively, so as to demand and elicit the broadest possible response to a particular inquiry.

9. *"Complaint"* means the original complaint that was filed in this action, as amended through the date of this request.

### III. MANNER OF COMPLIANCE WITH RULES

In accordance with the Florida Rules of Civil Procedure, Plaintiff hereby designates a reasonable time, place, and manner for Defendant to make the requested documents available for inspection:

**Due Date:**    **Forty-five (45) days** after service of this request.

**Place:**    The Law Office of Patrick K. Elliott, PLLC, 100 S. Ashley Drive, Suite 600, Tampa, FL 33602, or any other place that the Parties can mutually agree upon.

**Inspection:**    Originals, drafts, and non-identical copies of all the requested documents shall be produced for inspection by Defendant's counsel at the time and place specified above. In the alternative, Defendant may provide true and accurate copies of all requested items via United States Mail.

## IV. DOCUMENTS TO BE PRODUCED

1.     Please produce all documents identified in your answers to Plaintiff's Interrogatories.

2.     Please produce all documents relied upon as a basis for responding to Plaintiff's Interrogatories.

3.     Please produce any and all documents supporting in any manner whatsoever the defenses and affirmative defenses raised in your Answer to the Complaint.

4.     Please produce all documents which support your denial of any of the allegations in the Complaint.

5.     Please produce any and all documents relating to the terms and conditions of Plaintiff's employment with Defendant, including all company policies, personnel manual(s), employee handbook(s), and any employment agreement entered into by Plaintiff and Defendant.

6.     Please produce Plaintiff's entire personnel file, including any and all documents and writings that were used to determine Plaintiff's qualifications for employment, transfers, salary, raises, pension eligibility, termination, or any other disciplinary action.

7.     Please produce any and all documents that memorialize and/or record Plaintiff's employment and work performance.

8.     With respect to any lawsuit filed against Defendant after 2009 relating to violations of 42 U.S.C. §1981, the Civil Rights Act of 1964, as amended ("Title VII," 42 U.S.C. §2000e *et seq.*), or the Florida Civil Rights Act of 1992, please produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all settlement documents, releases, waivers, and confidentiality agreements.

9.     Please produce any employment agreements, correspondence, and documents pertaining to any person, corporation, or entity retained by Defendant to act as an expert witness, advisor, or consultant in the above-styled case.

10.    Please produce a list of qualifications and a current resume for each expert witness, advisor, or consultant retained by Defendant in the above-styled case.

11.    Please produce all documents pertaining to any internal complaints of discrimination made by employees of Defendant who worked at the same facility as Plaintiff within the past five years and include Defendant's responses to those internal complaints.

12.    Please produce any and all complaints relating to Plaintiff's work performance, as well as any warning notices issued to Plaintiff by Defendant in response to such complaints.

13.    Please produce any and all documents, letters, and memoranda describing, summarizing, or referring to any conversations between Plaintiff and any past or present employee, officer, director of Defendant, pertaining either to Plaintiff's job performance or to

any of Plaintiff's allegations in the instant proceeding.

14.     Please produce all documents that reference, in any manner whatsoever, the reasons that Plaintiff's employment was terminated on or around December 2016.

15.     Please produce all personnel files of Plaintiff's supervisors and/or decision makers in this case, including, but not limited to, the entire personnel file for Plaintiff's supervisors and managers.

16.     Please produce any and all employee records containing any form memorializing an employee's self-identification on the basis of his or her race, such as an EEO-1 Survey Form or any other similar form regardless of its origin, compiled, kept, or preserved by Defendant for years 2011 through 2016.

17.     Please produce any and all employee rosters kept by Defendant for the location where Plaintiff worked for years 2011 through 2016.

18.     Please produce any and all internal documents created, kept, or preserved by Defendant for years 2011 through 2016, containing information identifying the race of any employee who worked for Defendant at the same location as Plaintiff.

19.     Please produce any and all job descriptions, specifications, or other documents that describe or otherwise relate to the functions and/or job duties performed by Plaintiff during the course of Plaintiff's employment with Defendant.

20.     Please produce Defendant's code of ethics and related policies that were in force during Plaintiff's employment.

21.     Please produce Defendant's policy and procedures concerning employee discipline that were in force during Plaintiff's employment with Defendant.

22.     Please provide all documents memorializing Defendant's policies on equal opportunity employment, workplace discrimination, dispute resolution, disciplinary action, and employee performance evaluations.

23.     Please produce all text messages, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

24.     Please produce all e-mails, relating to the allegations or defenses in this case, exchanged by Plaintiff and Plaintiff's supervisor or co-worker(s) during the period in which Plaintiff was employed by Defendant.

25.     Please produce any and all documents submitted to an administrative agency related to Plaintiff's employment with Defendant, including documents submitted to the United States Equal Employment Opportunity Commission.

26.     Please produce Defendant's financial statements, bank statements, and income tax

returns from fiscal year 2013 until the present.

27.    Please produce Defendant's balance statement and income statement for each year beginning with fiscal year 2013 until the present.

28.    Please produce all records which document any efforts made by Defendant to inquire into Plaintiff's background, including but not limited to financial records, criminal history, employment records, and litigation records.

29.    Please produce all applicable insurance policies.

30.    Please produce all documents listing all contacts with Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

31.    Please produce all documents that were generated in connection with any complaint or contact made by an employee to Defendant employer's integrity line/ hot line alleging harassment, discrimination, or retaliation on the basis of race by anyone within the department to which Plaintiff was assigned for the year preceding Plaintiff's termination from employment.

32.    Please produce all records listing contact information for all persons who were considered by Defendant for the position held by Plaintiff after Plaintiff was terminated from employment.

33.    If the employment relationship with the defendant has ended, please produce any COBRA notices that were sent to the plaintiff and/or others entitled to notice under COBRA and a copy of the company's process and procedure for preparation and transmission of COBRA notices.

Dated this 28th day of June, 2019.

Respectfully submitted,

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**
100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
E-mail: elliottp@employmentandconsumerlaw.com
Email: assistant@employmentandconsumerlaw.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished to the Defendant on the date the complaint was served.

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**