IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

**GEORGES ROUMAIN,**

    Plaintiff,

                                    CASE NO.:

v.

**FEDERAL EXPRESS CORPORATION,**

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GEORGES ROUMAIN ("Plaintiff"), by and through undersigned counsel, brings this action against Defendant, FEDERAL EXPRESS CORPORATION ("Defendant"), and in support of his claims states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 12101 *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. § 760.01 *et seq.*

2. Venue is proper in Broward County, Florida because all of the events giving rise to these claims occurred in this County.

3. At all times material hereto, Defendant was subject to personal jurisdiction in the State of Florida under the Florida Long Arm Jurisdiction Act, Section 48.193 of the Florida Statutes. Specifically, Defendant was subject to personal jurisdiction in Florida because it caused

Plaintiff injury in the State of Florida through its acts and omissions that occurred in the State of Florida.

## PARTIES

4. Plaintiff is a resident of Broward County, Florida and former employee of Defendant.

5. Defendant is a foreign business organized under the laws of Delaware and operates a shipping business throughout the United States, including in Broward County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. Section 760.02(7).

12. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

13. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

14. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981.

## FACTS

15. Plaintiff began working for Defendant as a Courier on or about August 2013, and he worked in this capacity until December 2016.

16. During his tenure with Defendant, Plaintiff satisfactorily performed the duties of his position in a competent manner.

17. Nevertheless, Defendant discriminated against Plaintiff because of his race and nationality as Defendant subjected Plaintiff to different terms and conditions of employment and retaliated against Plaintiff after he complained about Defendant's discriminatory business practices by subjecting Plaintiff to pretextual disciplinary action and by terminating Plaintiff's employment on or about December 2016.

18. Plaintiff is an African American male of Haitian ancestry.

19. Thus, Plaintiff is a member of a protected class, and on account of his protected status, Plaintiff benefits from the protections of Title VII.

20. During his employment, Defendant targeted Plaintiff because of his race and denied Plaintiff the same terms and conditions of employment that were afforded to Defendant's non-African American employees.

21. Throughout his employment with Defendant, Plaintiff made several internal complaints about Defendant's discriminatory pay practices. However, Defendant failed to take appropriate remedial action.

22. For instance, on or about April 2015, Plaintiff realized that Defendant paid many of his non-African American colleagues more than two ($2) dollars per hour than what

Defendant paid Plaintiff, even though these employees were hired a the same or later date than when Plaintiff started and performed the same job duties as Plaintiff.

23.     Plaintiff then contacted Defendant's Human Resources Advisor, Bruce A. Moore, and in a written complaint, Plaintiff complained about Defendant's racially-motivated pay discrepancies and requested "fair and equal pay as a carrier".

24.     On or about June 2015, Bobby Newell, managing director of Defendant's South Florida U.S. operations, responded to Plaintiff's complaints about unequal treatment.

25.     In his memorandum to Plaintiff, Mr. Newell summed up Plaintiff's complaint as follows:

> I understand your concern to be that you have been performing the duties of a courier but were being paid as a courier/handled.
>
> I have reviewed the information provided by your management team and HR advisor Bruce More.
>
> The information shows that you are performing the job duties of the courier position. Therefore, I instructed your local management team to move you into the Courier job coed and pay grade, effective 05/17/2015. Your job title and rate of pay will be retroactive to the date of 05/17/2015.
>
> Your remaining concerns are still under review, and you will receive further communication at a later date. Should you have any questions in the meantime, please reach out to your management team and Human Resources Advisor.

26.     During 2016, Plaintiff's prior manager, Kailash Maraj, who Plaintiff also complained about Defendant's discriminatory pay practices to, was replaced by a new Caucasian manager, Corey Schwartz.

27.     On or about December 14, 2016, Plaintiff became aware that he was still not being compensated at the same rate that Defendant paid other, similarly-situated non-African American employees who performed the same job functions as Plaintiff.

28. Plaintiff took his concerns about Defendant's discriminatory pay practices to his manager Mr. Schwartz.

29. Instead of taking remedial actions, Defendant falsely accused Plaintiff of being "aggressive" and demanded that Plaintiff leave the premises. Plaintiff left Defendant's premises as requested.

30. Plaintiff was not informed that he was being suspended and Defendant did not give Plaintiff a suspension letter even though Defendant's common practices and procedures provide that an employee who is suspended receive such a letter. Defendant did not give Plaintiff a suspension letter.

31. Immediately following Plaintiff's complaints about Defendant's racially-discriminatory pay practices, Plaintiff was subjected to a heightened scrutiny and frivolous disciplinary action.

32. For example, despite Plaintiff's exemplary three (3) year employment history, Defendant then subjected Plaintiff to an intense investigation based on subjective criteria because of Plaintiff's complaints of discrimination.

33. The following day, Defendant took immediate disciplinary action against Plaintiff and issued a formal reprimand on or about December 15, 2016.

34. Defendant then went beyond the bounds of the facts surrounding Plaintiff's disciplinary action and decided to thoroughly investigate Plaintiff's prior work performance even though Defendant had never taken prior disciplinary action against Plaintiff.

35. Defendant now demanded documentation relating to a May 2016 traffic citation that Plaintiff had properly reported to his previous manager.

36. Plaintiff provided the requested documentation to Defendant on December 17, 2016.

37. In response, Defendant issued its second formal reprimand against Plaintiff on December 29, 2016 for an event that happened nearly seven (7) months ago and one in which Plaintiff properly reported to Defendant.

38. Furthermore, on December 29, 2016, Defendant issued an apparently retroactive third formal reprimand, dated December 26, 2016 for not calling out on a day that Plaintiff was not scheduled to work.

39. Finally, on December 29, 2019, fourteen days after Plaintiff complained about Defendant's discriminatory pay practices, Defendant retaliated against Plaintiff by terminating Plaintiff's employment.

## COUNT I – TITLE VII VIOLATION
### (DISCRIMINATION)

40. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

41. Plaintiff is a member of a protected class under Title VII.

42. As a result of Defendant's aforementioned conduct, Plaintiff was subjected to disparate treatment on the basis of his race.

43. Defendant knew or should have known of the disparate treatment suffered by Plaintiff and failed to intervene or to take prompt and effective remedial action in response.

44. Defendant's actions were willful and done with malice.

45. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of Title VII by Defendant;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Any other compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained.

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII RETALIATION

46. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

47. Plaintiff is a member of a protected class under Title VII.

48. Plaintiff exercised or attempted to exercise his rights under Title VII, thereby engaging in protected activity under Title VII.

49. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by subjecting Plaintiff to different terms and conditions of employment and by terminating Plaintiff's employment.

50. Defendant's actions were willful and done with malice.

51. Defendant took material adverse action against Plaintiff.

52. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

(d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

(e) Compensation for lost wages, benefits, and other remuneration;

(f) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

(g) Front pay;

(h) Any other compensatory damages, including emotional distress, allowable at law;

(i) Punitive damages;

(j) Prejudgment interest on all monetary recovery obtained.

(k) All costs and attorney's fees incurred in prosecuting these claims; and

(l) For such further relief as this Court deems just and equitable.

## COUNT III – FCRA VIOLATION
### (DISCRIMINATION)

53. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

54. Plaintiff is a member of a protected class under the FCRA.

55. Defendant's aforementioned conduct subjected Plaintiff to disparate treatment on account of his race.

56. Defendant's actions were willful and done with malice.

57. Plaintiff was injured due to Defendant's violations of the FCRA, for which he is entitled to relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and this Court take jurisdiction over the case;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(e) Any other compensatory damages, including emotional distress, allowable at law;

(f) Punitive damages;

(g) Prejudgment interest on all monetary recovery obtained.

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## COUNT IV – FCRA RETALIATION

58. Plaintiff realleges and readopts the allegations of paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

59. Plaintiff is a member of a protected class under the FCRA.

60. Plaintiff engaged in protected activity under the FCRA by frequently opposing Defendant's aforementioned discriminatory actions against Plaintiff.

61. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by subjecting Plaintiff to different terms and conditions of employment and terminating Plaintiff's employment.

62. Defendant's actions were willful and done with malice.

63. Defendant took material adverse action against Plaintiff as Defendant subjected Plaintiff to different terms and conditions of employment and terminated Plaintiff's employment.

64. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

(d) Compensation for Plaintiff's lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to his prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## COUNT V –42 U.S.C. § 1981 VIOLATION
### (RACE DISCRIMINATION)

65. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

66. Plaintiff is a member of a protected class of persons under Section 1981.

67. As a result of its aforementioned conduct, Defendant subjected Plaintiff to disparate treatment solely because of Plaintiff's race.

68. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

69. Defendant's actions were willful and done with malice.

70. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

71. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT VI — 42 U.S.C. § 1981 VIOLATION
### (RETALIATION)

72. Plaintiff realleges and readopts the allegations of Paragraphs 1 through 39 of this Complaint, as though fully set forth herein.

73. Plaintiff is a member of a protected class of persons under Section 1981.

74. Plaintiff engaged in protected activity under Section 1981 by opposing Defendant's discriminatory conduct.

75. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 when it subjected Plaintiff to different terms and conditions of employment and terminated his employment.

76. Defendant's actions were willful and done with malice.

77. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

78. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and

suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

79. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

(d) Compensatory damages, including emotional distress, allowable at law;

(e) Punitive damages;

(f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 28th day of June, 2019.

Respectfully submitted,

/s/ Patrick K. Elliott
**PATRICK K. ELLIOTT**
Florida. Bar Number: 1000970
**THE LAW OFFICE OF PATRICK K. ELLIOTT, PLLC**

100 S. Ashley Drive, Suite 600
Tampa, FL 33602
Direct Dial: (813) 379-3090
Facsimile:   (813) 261-3542
Email: elliottp@employmentandconsumerlaw.com
Email: assistant@employmentandconsumerlaw.com
***Attorney for Plaintiff***